UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JONES, an individual,<br>     Plaintiff,<br><br>          v.<br><br>DOWNEY OAK INVESTMENT LLC, a California limited liability company; 9000 TELEGRAPH MOBIL INC., a California corporation; and DOES 1-10,<br>     Defendants. | CV 22-0819 DSF (JCx)<br><br>ORDER TO SHOW CAUSE |

   Plaintiff George Jones filed his First Amended Complaint against Defendants Downey Oak Investment LLC and 9000 Telegraph Mobil Inc for violating the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182(a), and California's Unruh Civil Rights Act, Cal. Civ. Code § 51.  Dkt. 12 (FAC).  Jones seeks injunctive relief under the ADA and the Unruh Act and also seeks damages under the Unruh Act.  Id. at 29.  The Complaint asserts that the Court has supplemental jurisdiction over the Unruh Act claims.  Id. ¶ 10.

   Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right," district courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons." City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 172 (1997) (internal quotation marks omitted).  "[W]hen deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy,

convenience, fairness, and comity." Id. at 173 (internal quotation marks omitted).

California has a statutory regime to address "high-frequency litigants" bringing construction-related disability access claims. This includes specific pleading requirements and a higher filing fee for litigants who meet certain criteria. See Cal. Civ. Code § 55.31(b); Cal. Civ. Proc. Code § 425.50; Cal. Civ. Proc. Code § 425.55; Cal. Gov't Code § 70616.5.

Given California's efforts to curtail abuses of the Unruh Act, fairness and comity weigh against exercising supplemental jurisdiction. Numerous district courts have found that the California legislative attempt to regulate the prosecution of disability access cases by certain high-frequency plaintiffs provides "compelling reasons" and constitutes an "exceptional circumstance" justifying the decline of supplemental jurisdiction over disability state law claims in certain cases. This approach has been upheld by the Ninth Circuit multiple times. See Vo v. Choi, 49 F.4th 1167 (9th Cir. 2022); Arroyo v. Rosas, 19 F.4th 1202 (9th Cir. 2021).

The Court, therefore, orders the Jones to show cause in writing why the court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint. See 28 U.S.C. § 1367(c). In responding to this Order to Show Cause, Jones shall identify the amount of statutory damages plaintiff seeks to recover. Jones and his counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code sections 425.55(b)(1) & (2).

Jones shall file a response to this Order within 14 days. Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction

over the Unruh Act and other state law claims, if any, and the dismissal of any such claims pursuant to 28 U.S.C. § 1367(c).

   IT IS SO ORDERED.

Date: January 10, 2023

                                                         Dale S. Fischer
                                                         United States District Judge